IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JUSTIN HILL, | ) |
| | ) |
| Petitioner, | ) |
| | ) No. 1:15-cv-1025-JDT-egb |
| vs. | ) |
| | ) |
| JEFF KORTE, et al., | ) |
| | ) |
| Respondents. | ) |

_____

ORDER OF DISMISSAL
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
_____

On February 4, 2015, Petitioner Justin Hill, Illinois prisoner registration number R06550, an inmate confined at the Western Illinois Correctional Center in Mount Sterling, Illinois, filed a *pro se* petition under 28 U.S.C. § 2241. (ECF No. 1.) On April 21, 2015, Hill paid the habeas filing fee. (ECF No. 8.)

On November 29, 1999, Hill pled guilty in this district to one count of conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 846. *United States v. Hill*, No. 1:99-cr-10054-JDT-7 (W.D. Tenn.). (*See* Criminal ("Cr.") ECF Nos. 181, 182 & 184.) Hill was sentenced to seventy-one months in prison, to be followed by a three-year period of supervised release. (*Id.*, ECF Nos. 229 & 232.)

Hill alleges that, shortly after he was sentenced in this Court, he was transferred to the State of Illinois for resolution of unrelated charges. (ECF No. 1 at 5.) Hill states that

he entered a plea on those charges on August 13, 2001, pursuant to a plea agreement which provided that his twenty-year state sentence would be served concurrently with his federal Tennessee sentence. (*Id.* at 6.) Hill alleges that, during the resolution of his Illinois state charges, he was indicted on an unrelated state charge in Tennessee. (*Id.*) Hill states that he was sentenced to ten years on the Tennessee state charge, also to be served concurrently with his federal Tennessee sentence. (*Id.*) Hill alleges that he was not returned to federal custody until August 26, 2005. (*Id.*) On September 2, 2005, the United States Marshal Service transferred Hill into the custody of extradition officers from Illinois, and he was returned to the State of Illinois for service of his Illinois state sentence. (*Id.* at 7.)

Hill alleges the Bureau of Prisons ("BOP") has advised his Illinois unit counselor that Hill's federal sentence has not commenced running or expired because he was not returned to federal custody after he was sentenced in either state court. (*Id.*) Hill contends that his federal sentence should have expired in 2005, not including good time credit, and that any federal incarceration subsequent to 2005 is an unconstitutional deprivation of his liberty. (*Id.*) He seeks a court order declaring that his federal sentence began on February 23, 2000. (*Id.* at 8.)

The commencement and calculation of the term of imprisonment of a federal prisoner, and any award of credits, is governed by 18 U.S.C. § 3585, which states:

> § 3585. Calculation of a term of imprisonment
>
> (a) Commencement of sentence. A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting

2

> transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585.

Here, Hill contends that his federal sentence has expired. However, Hill does not allege that he ever sought credit from the BOP for the time he has been serving in state prisons. Exhaustion of administrative remedies within the BOP is a jurisdictional prerequisite to seeking court review of the Bureau prison's sentence calculation. *United States v. Westmoreland*, 974 F.2d 736, 737-38 (6th Cir. 1992) (district court cannot consider habeas petition asserting right to sentence credits under 18 U.S.C. § 3585(b) until Attorney General has computed credit and petitioner has exhausted administrative remedies). *See also Davis v. Keohane*, 835 F.2d 1147 (6th Cir. 1987) (requiring exhaustion of administrative remedies within BOP before pursuing habeas relief); *Little v. Hopkins*, 638 F.2d 953 (6th Cir. 1981) (same). Hill may request the BOP to designate his state institutions as the place for service of his federal sentence. Under 18 U.S.C. § 3621, the BOP has the discretion to designate any available penal or correctional

facility, whether maintained by the federal government or otherwise, as the place for service of the federal sentence. *Barden v. Keohane*, 921 F.2d 476, 478 (3d Cir. 1990). Hill has not attempted to formally exhaust his remedies. Accordingly, his petition must be dismissed for want of exhaustion.

Because Hill has not exhausted his administrative remedies, "it appears from the application that the applicant or person detained is not entitled" to any relief. 28 U.S.C. § 2243. An order for the Respondent to show cause need not issue. The petition is DISMISSED without prejudice. The Clerk is directed to enter judgment for Respondent.

Federal prisoners who file petitions pursuant to 28 U.S.C. § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1). *Durham v. United States Parole Comm'n*, 306 F.3d 225, 229 (6th Cir. 2009); *Melton v. Hemingway*, 40 F. App'x 44, 45 (6th Cir. 2002) ("a federal prisoner seeking relief under § 2241 is not required to get a certificate of appealability as a condition to obtaining review of the denial of his petition"); *see also Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004) (28 U.S.C. § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

A habeas petitioner seeking to appeal must pay the $505 filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal *in forma pauperis* in a habeas case under 28 U.S.C. § 2241, the petitioner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a)

provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the petitioner must file his motion to proceed in forma pauperis in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5).

In this case, because Petitioner is clearly not entitled to relief, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED. If Petitioner files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the United States Court of Appeals for the Sixth Circuit.

IT IS SO ORDERED.

                                                s/ **James D. Todd**
                                                JAMES D. TODD
                                                UNITED STATES DISTRICT JUDGE